IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GARY KARAGIANES, #A0075648, ) | CIV. NO. 20-00252 SOM-KJM |
| ) | |
| Petitioner, ) | ORDER DENYING PETITION FOR |
| ) | WRIT OF HABEAS CORPUS AND |
| vs. ) | DENYING CERTIFICATE OF |
| ) | APPEALABILITY |
| WANDA CRAIG, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING CERTIFICATE OF APPEALABILITY**

Before the court is pro se Petitioner Gary Karagianes's petition for writ of habeas corpus brought under 28 U.S.C. § 2254 ("Petition"). ECF No. 1. Karagianes challenges the Hawaii Supreme Court's Order rejecting his application for certiorari as untimely in *Karagianes v. State*, No. SCWC-17-0000509 (Haw. June 25, 2019). *See* ECF No. 1-3. Karagianes sought the Hawaii Supreme Court's review of the order issued by the Intermediate Court of Appeal's ("ICA") affirming the denial of Karagianes's most recent Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for Custody.[1] *See Karagianes v. State*, S.P.P.

---

[1] That motion was brought pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP") ("Rule 40 Petition").

No. 16-1-0007(2) (Haw. 2d Cir. Ct. May 22, 2017) (denying petition), *aff'd*, No. CAAP-17-0000509 (Haw. App. Feb. 28, 2019).

Because the Petition lacks merit, and because this court lacks authority to review any other challenge to his state conviction and sentence without certification from the Ninth Circuit Court of Appeals, the Petition and any request for a Certificate of Appealability are DENIED.

## I. BACKGROUND[2]

On September 15, 1993, a jury in the Circuit Court of the Second Circuit, State of Hawaii, found Karagianes guilty of murder in the second degree (Count I) and possession or use of a firearm in the commission of a felony (Count II).[3] *See State v. Karagianes*, Cr. No. 92-0340(2) (Haw. 2d Cir. Ct. 1993), available at: https://www.courts.state.hi. (follow "eCourt Kokua"; then "Case Search," Case ID 2PC920000340, Docket 295) (last visit June 19, 2020).  On November 18, 1993, the circuit court sentenced Karagianes to life imprisonment with the possibility of parole on Count I, and a maximum term of twenty years in prison on Count II. *Id.*,

---

[2] These facts are taken from the Petition, the Hawaii State Judiciary's public database, and Karagianes's prior federal habeas petition, *Karagianes v. Thomas*, No. 1:10-cv-00430 BMK (D. Haw. 2011) (dismissing petition as time-barred).

[3] These convictions reflected violations of Hawaii Revised Statutes ("HRS") §§ 707-701.5 and 134-6(a) (Supp. 1992) (respectively).

Docket 296.  The Hawaii Supreme Court affirmed on January 12, 1996, and notice and judgment on appeal were entered on January 29, 1996.  *See id.*, Docket 150.

On March 17, 2003, the Hawaii Supreme Court reversed Karagianes's conviction on Count II.  *See State v. Van Den Berg (Karagianes)*, 101 Hawaii 187, 190-92, 65 P.3d 134, 137-39 (2003).  Notice and judgment on appeal were entered on May 5, 2003.

On July 23, 2010, after filing numerous post-conviction petitions in state court pursuant to HRPP Rules 35 and 40, Karagianes filed his first federal habeas petition challenging his conviction in Cr. No. 92-0340 under 28 U.S.C. § 2254.  *See Karagianes v. Thomas*, No. 1:10-cv-00430-BMK (D. Haw. 2011).  That Petition was dismissed as time-barred on March 14, 2011, and the court denied a certificate of appealability.  *See id.*, Order, ECF No. 39.  After unsuccessfully seeking reconsideration of this decision twice, ECF Nos. 41, 48, Karagianes appealed.  *See id.*, ECF No. 49.  The Ninth Circuit Court of Appeals denied a Certificate of Appealability, ECF No. 52; the United States Supreme Court then denied certiorari on May 3, 2012, ECF 53.

In the present Petition, Karagianes says that he "does not challenge [his] conviction and sentence," but challenges only the Hawaii Supreme Court's dismissal of his application for certiorari as untimely.  He argues that this violated

3

his right to equal protection, because the Hawaii Supreme Court failed to consider the date that he received notice of the ICA decision denying his last Rule 40 Petition and thus, he says, incorrectly determined that his petition for certiorari was untimely. *See* Pet., ECF No. 1 at #4 (Ground One). That is, Karagianes argues that the Hawaii Supreme Court failed to comply with the prison "mailbox rule" when it dismissed his petition for certiorari. *See* ECF No. 1-2 at #16-#17 (citing *Houston v. Lack*, 487 U.S. 266, 271 (1988) (holding that a legal document is deemed filed on the date a prisoner delivers it to prison authorities for filing, rather than the date it is filed with the court)).

Karagianes goes on to argue that the Hawaii Supreme Court "abused it's [sic] discretion by failing to address 'excusable neglect' and the 'merits' of the petition," and disregarded the "Good Cause" shown by his claims of error in the Rule 40 Petition when it dismissed his petition for certiorari as untimely. In so arguing, Karagianes appears to be ultimately seeking federal review of his conviction and sentence in Cr. No. 92-0340 by way of the present Petition. *See id.* at #6-7 (Grounds Two and Three).

## II. LEGAL STANDARD

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to entertain a writ of habeas corpus "within their

respective jurisdictions," from a person claiming to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(a) and (c)(3). Habeas Rule 11 applies the Federal Rules of Civil Procedure to habeas proceedings, "to the extent that they are not inconsistent with any statutory provisions or these rules."

The court is required to screen all actions brought by prisoners who seek any form of relief, including habeas relief, from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rule 4") requires the court to dismiss a habeas petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

### III.  DISCUSSION

**A.   Failure to Adhere to the Prison Mailbox Rule**

The ICA affirmed the denial of Karagianes's last Rule 40 petition on February 28, 2019; judgment on appeal was entered on March 27, 2019. *See Karagianes*, CAAP-17-0000509, Dockets 110 and 112. Under Rule 40.1(1) of the Hawaii Rules of Appellate Procedure ("HRAP"), an application for writ of certiorari

> shall be filed within 30 days after the filing of the intermediate court of appeals' judgment on appeal . . . unless the time for filing the

> application is extended in accordance with this Rule. However, if the application for a writ of certiorari is mailed, [it] shall be deemed timely filed if the mailing is postmarked within the time fixed for filing and is received by the clerk no later than 5 days after the postmarked date.

Haw. R. App. P. 40.1. Karagianes therefore originally had until April 26, 2019, to submit his petition for certiorari to prison authorities for mailing under the prison mailbox rule, regardless of the additional time allowed for mailing it to the court pursuant to HRAP 40.1. *See Houston*, 487 U.S. at 271; *cf. Setala v. J.C. Penney Company*, 97 Hawai'i 484, 485, 40 P.3d 886, 887 (2002) (deeming the effective date of a pro se prisoner's notice of appeal to be the day on which he tendered it to prison officials).

Because Karagianes timely moved for an extension of time to file his petition for certiorari, he was automatically granted thirty additional days to submit the petition to prison officials under HRAP 40.1(3), or until on or before **May 26, 2019**. *See* CAAP-17-0000509 at Docket 116. Had he met that deadline, Karagianes would have been deemed to have filed a timely petition for certiorari, regardless of the actual date it was received and filed by the state court. *See Houston*, 487 U.S. 266, 271; *Setala,* 40 P.3d at 887. Karagianes, however, neither signed nor submitted his petition to prison authorities for mailing until **May 30, 2019**, and it was received and filed on June 3, 2019. *See id.*, Docket 114. Under

6

HRAP 40.1(3) and federal and state precedent regarding the prison mailbox rule, Karagianes's petition was untimely.

Moreover, to the extent Karagianes challenges the Hawaii Supreme Court's decision to reject his petition for certiorari as untimely under HRAP 40.1, this court lacks authority to review state procedural rulings when the underlying state law does not itself violate federal law.  *See* 28 U.S.C. § 1331; *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) (holding alleged violations of state law are not cognizable in a federal habeas corpus proceeding); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions").

To the extent Karagianes alleges that the Hawaii Supreme Court violated his rights to equal protection by denying his Rule 40 Petition as untimely, he has no cognizable claim, and the Petition is DENIED.

**B.     The Petition is Second or Successive**

To the extent Karagianes seeks review of the merits of his challenge to his conviction in the underlying Rule 40 Petition by way of the present Petition, this court lacks authority to conduct such a review, regardless of how the Hawaii Supreme Court treated his petition for certiorari.  Before Karagianes may once again challenge his conviction in Cr. No. 92-0340 in federal court, he must apply

for and receive authorization from the Ninth Circuit Court of Appeals. *See* 28 U.S.C. § 2244 (b)(3)(A). Absent such authorization, this court may not grant the relief requested. 28 U.S.C. § 2244(a); *see Magwood v. Patterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

Ninth Circuit Rule 22-3(a) provides, in relevant part:

If an unauthorized second or successive section 2254 petition or section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the court of appeals.

The Circuit Advisory Committee Note clarifies:

If an applicant files a document that appears to be an unauthorized section 2254 petition or 2255 motion and facially alleges a claim based on a new rule of constitutional law or newly discovered evidence of actual innocence, the district court may transfer the filing to the court of appeals in the interests of justice *or, in the alternative, the district court may dismiss the filing without prejudice to the applicant seeking authorization from the court of appeals on Ninth Circuit Form 12.*

Ninth Circuit Rule 22-3 n. (emphasis added).

Because the Hawaii Supreme Court did not violate Karagianes's constitutional rights when it rejected his petition for certiorari, and because Karagianes does not assert newly discovered evidence or a new rule of constitutional law in support of his Petition, the interests of justice do not weigh in favor of transferring the present Petition to the Ninth Circuit. Of course,

8

Karagianes remains free to go directly to the Ninth Circuit to seek a certificate allowing him to present a new petition to this court.

### IV. **CONCLUSION**

The Petition is DISMISSED, and any request for a Certificate of Appealability and leave to proceed in forma pauperis on appeal are DENIED. Dismissal of the Petition is justified by a plain procedural bar, and jurists of reason would not find the procedural ruling debatable. Moreover, Karagianes has not made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); Rule 11(a), Rules Governing § 2254 Proceedings.

All pending motions are denied.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 24, 2020.



/s/ Susan Oki Mollway
Susan Oki Mollway
Senior United States District Judge

*Karagianes v. Craig*, 1:20-cv-00252-SOM-KJM; Order Dismissing Petition and Denying Certificate of Appealability;